IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEEKU, LLC D/B/A SCOTTISH INN & SUITES | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-02956 |
| SCOTTSDALE INSURANCE COMPANY AND DOUGLAS LANE | § § § § | |
| Defendants. | § | (JURY TRIAL) |

### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following.

### I.
### FACTUAL BACKGROUND

1.   On August 8, 2017, Plaintiff Cheeku. LLC d/b/a Scottish Inns & Suits ("Cheeku") filed its lawsuit in Harris County, Texas, naming Scottsdale Insurance Company ("Scottsdale") and Douglas Lane ("Lane") as defendants.

2.   Scottsdale received a copy of the Petition when it was served on its registered agent for service on September 5, 2017.  Defendant Scottsdale files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

3.   All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).  All such documents are fully

incorporated herein by reference and as if fully set forth herein. *See* Index of Matters Being Filed, ¶ 2.  Attached hereto as Exhibit "A" is a copy of the Docket Sheet.  A copy of the Citation upon Scottsdale is attached as Exhibit "B".  A copy of the Citation upon Defendant Douglas Lane is attached as Exhibit "C".  A copy of Plaintiff's Original Petition is attached as Exhibit "D."  Defendant Scottsdale's Original Answer to Plaintiff's Original Petition is attached as Exhibit "E".  The List of Parties and Counsel is attached as Exhibit "F".  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

4.   Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II.
### BASIS FOR REMOVAL

5.   Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.   Plaintiff and all non-fraudulently joined Defendants are diverse.**

6.   Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas.

7.   Defendant Scottsdale is incorporated under the laws of the State of Arizona with its principal place of business in Arizona.

8.   Defendant Lane, who is not a proper party to this lawsuit, is a resident of the State of Texas.

**B.   Defendant Lane has been improperly joined in this lawsuit.**

9.   A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699

(5th Cir. 1999). Scottsdale would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Lane did not commit a tort or other actionable acts or omissions.

10. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co., Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

11. Here, Plaintiff fails to offer any specific facts in support of his claims against Lane that are distinct from Plaintiff's claims against Scottsdale, and therefore fails to state a viable state law claim against Lane, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

12. Plaintiff's allegations against Lane are conclusory, in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Lane was assigned by Scottsdale to adjust the claim, Plaintiff's only factual allegations that apply specifically to Lane are the generic and conclusory allegations that he i) failed to perform a proper inspection; ii) undervalued Plaintiff's claim; iii) misrepresented to Plaintiff that damage was not covered under the Policy; iv) failed to make an attempt to settle Plaintiff's claim in a fair manner; v) failed to explain to Plaintiff the reasons for the offer of an inadequate settlement; vi) failed to affirm or deny coverage of Plaintiff's claim within a reasonable amount of time. Just as in the *Okenkpu* case cited above, the Original Petition "fails to specify any statements which Plaintiffs consider to be misrepresentations or fraudulent, [Plaintiff does] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

13. Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should

apply. Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Lane. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

14.    Further, without asserting facts as to how Lane individually and not as an adjuster assigned by Scottsdale, committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.[1]  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.[2]  Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.[3]  Here, the alleged harm is Scottsdale's failure to pay the claim.

15.    "[T]o state a valid state law cause of action, Plaintiffs' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."[4]  In the instant case,

---

[1] *See Twombly*, 550 U.S. at 555.

[2] *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).

[3] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

[4] *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)).

no such fit exists.  Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.[5]  It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code.  *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages).  In *McGinty*, the Court noted that the expert's testimony that the software was widely used and how he derived his figures in his estimate "did not in itself make the figure reasonable."[6]  This, however, is precisely the pleaded claims against Lane in the Original Petition.  As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

16.  The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Scottsdale owes Plaintiff any amount for a covered loss.  Plaintiff's claim is for economic losses against Scottsdale, which are contractual claims.  Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law.  Therefore, Plaintiff's assertions against Lane, the non-diverse defendant, fail to show any likelihood of recovery against Lane, individually.  The citizenship of the non-diverse defendant, Lane, therefore, is disregarded and removal of this case is proper.

C.  **The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

17.  As alleged in their Original Petition, Plaintiff seeks monetary relief in an amount over $1,000,000.  *See* Original Petition, page 3 (Exhibit B).

---

[5] *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).

[6] *Id.* at 627-28.

For this reason, the amount in controversy exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

18. Scottsdale first obtained notice of this lawsuit on September 5, 2017, when it was served with Plaintiffs' Original Petition. Thus, Scottsdale is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

22. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

23. Consent of an improperly joined defendant is not necessary for removal. However, Defendant Lane consents to this removal.

### IV.
### CONCLUSION

24. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ George H. Arnold*
George H. Arnold, Attorney-in-Charge
Southern District Bar No. 15948
State Bar No. 00783559
Todd M. Lonergan
Southern District Bar No. 7769
State Bar No. 12513700
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: garnold@thompsoncoe.com
tlonergan@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2017, a true and correct copy of the foregoing pleading was served upon the following counsel in accordance with the Federal Rules of Civil Procedure:

Jeffrey L. Raizner
Andrew P. Slania
Amy B. Hargis
RAIZNER SLANIA, LLP
2402 Dunlavy St.
Houston, Texas 77006

*/s/ Todd M. Lonergan*
Todd M. Lonergan